**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID ALEXANDER OBANDO PADILLA,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  3:26-cv-03578-RBM-JLB

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS ON SCREENING**

**[Doc. 1]**

Petitioner David Alexander Obando Padilla ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1).  Upon review, the Court notes that Petitioner has previously filed a petition writ of habeas corpus, by and through counsel.  *See Obando Padilla v. LaRose*, Case No. 3:26-cv-01459-RBM-JLB (S.D. Cal. Mar. 3, 2026), ECF No. 1.

In that prior case, this Court denied the previously filed petition on April 13, 2026. *See id*., ECF No. 7.  The Court denied Petitioner's procedural due process claims, finding that Petitioner had not "demonstrated a liberty interest in his release requiring any additional due process protections" than those he had already received. *Id*. at 4–5 (quoting *Li v. Larose*, Case No.: 26-CV-1614 JLS (MMP), 2026 WL 948362, at *2 (S.D. Cal. Apr. 8, 2026)).  As the Court explained, Petitioner had already received a bond hearing under 8

1

U.S.C. § 1226(a) and had appealed the denial of the immigration judge's ("IJ") denial of his release on bond. *Id*. at 4. As to Petitioner's substantive due process claim, the Court found it lacks jurisdiction to "reweigh [the] evidence" on Petitioner's challenge to the IJ's factual determinations underlying the IJ's bond denial. *Id*. at 5 (quoting *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024)). The Court also determined that Petitioner had failed to exhaust his administrative remedies because he sought habeas review of the IJ's bond denial ahead of his pending appeal before the BIA. *Id*. at 5–6.

On June 16, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). In this case, the Petition provides no new information or grounds for relief that were not raised in the prior petition. The Court therefore **DISMISSES** the Petition without prejudice.

**IT IS SO ORDERED**.

DATE: July 1, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

2

3:26-cv-03578-RBM-JLB